E-FILED
Tuesday, 28 March, 2023  11:08:45 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| CHRISTINE HANSON, Individually and for Others Similarly Situated <br><br> v. <br><br> OSF HEALTHCARE SYSTEM | **Case No. 1:23-cv-1122** <br><br> Jury Trial Demanded <br><br> Rule 23 Class Action |

## ORIGINAL CLASS ACTION COMPLAINT

### SUMMARY

1.    Christine Hanson ("Hanson") brings this class action to recover unpaid overtime and other damages from OSF HealthCare System ("OSF").

2.    Hanson worked for OSF as a Medical Office Assistant in Bloomington, Illinois.

3.    Like the Putative Class Members (as defined below), Hanson regularly worked more than 40 hours in a workweek.

4.    But OSF did not pay for all the hours they worked.

5.    Instead, OSF automatically deducted 30 minutes a day from these employees' work time for so-called meal breaks.

6.    Hanson and the Putative Class Members were thus not paid for that time.

7.    But OSF fails to provide Hanson and the Putative Class Members with *bona fide* meal breaks.

8.    Instead, OSF requires Hanson and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions during their unpaid "meal breaks."

9.    OSF's auto-deduction policy violates the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment and Collection Act ("IWPCA") by depriving Hanson and the Putative Class

Members of wages, including overtime pay, for all hours worked, including those worked in excess of 40 hours in a workweek.

## JURISDICTION & VENUE

10.     This Court has original subject matter jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

11.     Specifically, upon information and belief:

      a.      the matter in controversy is believed to exceed $5,000,000;

      b.      at least one member of Hanson's proposed classes and OSF are citizens of different states; and

      c.      Hanson's proposed class exceeds 100 members.

12.     This Court has general personal jurisdiction over OSF because OSF is a domestic corporation.

13.     Venue is proper because OSF maintains its headquarters in Peoria, Illinois, which is in this District. 28 U.S.C. § 1391(b)(1).

## PARTIES

14.     Hanson worked for OSF as a Medical Office Assistant in Bloomington, IL from approximately 2016 until December 2022.

15.     Throughout her employment, OSF classified Hanson as non-exempt and paid her on an hourly basis.

16.     But OSF subjected Hanson to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

17.     Hanson brings this action on behalf of herself and other similarly situated hourly, non-exempt OSF employees who were subject to OSF's automatic meal break deduction policy.

18.     OSF uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including during their unpaid "meal breaks."

19.     OSF uniformly denies all these employees of wages (including overtime) for all hours worked, including those in excess of 40 hours in a workweek in violation of the IMWL and/or IWPCA.

20.     The class of similarly situated employees is defined as:

> **All hourly, non-exempt OSF employees who received an automatic meal period deduction at any time during the past 10 years ("Putative Class Members" or "Putative Class").**

21.     OSF is an Illinois corporation that maintains its headquarters in Peoria, Illinois.

22.     OSF may be served with process by serving its registered agent: **Daniele McNear, 123 SW Adams Street, Peoria, Illinois 61602**.

<h3 style="text-align:center">FACTUAL ALLEGATIONS</h3>

23.     OSF is a healthcare services provider that operates hospitals across Illinois.

24.     OSF employs patient care workers, including Hanson and the Putative Class Members, to provide healthcare services and treat the patients in its various facilities.

25.     OSF uniformly classifies these employees as non-exempt from overtime and pays them on an hourly basis.

26.     While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

27.     For example, Hanson worked for OSF as a Medical Office Assistant in Bloomington, IL from approximately 2016 until December 2022.

28.     As a Medical Office Assistant, Hanson's primary responsibilities were providing patient care to the patients at OSF's St. Joseph's Clinic, such as monitoring patients, checking vitals, rooming patients, charting treatments, and assisting doctors and other patient care staff.

29. Throughout her employment, OSF classified Hanson as non-exempt and paid her on an hourly basis.

30. Throughout her employment, OSF subjected Hanson to its common practice of automatically deducting 30 minutes from her recorded hours worked and wages each shift for meal breaks, regardless of whether she actually received a *bona fide* meal break.

31. Hanson and the Putative Class Members performed their jobs under OSF's supervision, and using materials, equipment, and technology approved and supplied by OSF.

32. OSF requires Hanson and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

33. At the end of each pay period, Hanson and the Putative Class Members received wages from OSF that were determined by common systems and methods that OSF selected and controlled.

34. OSF requires its hourly, non-exempt employees, including Hanson and the Putative Class Members, to record their hours worked using OSF's timeclock system.

35. Further, OSF subjects its hourly, non-exempt employees, including Hanson and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

36. Specifically, OSF automatically deducts 30 minutes from Hanson's and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

37. But OSF fails to provide Hanson and the Putative Class Members with *bona fide* meal periods.

38. Instead, OSF requires Hanson and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

- 4 -

39.     This unpaid time is compensable under the IMWL because OSF knew, or should have known, that (1) Hanson and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 20 consecutive minutes.

40.     OSF failed to exercise its duty to ensure Hanson and the Putative Class Members were not performing work that OSF did not want performed during their unpaid "meal breaks."

41.     The unpaid time is compensable under the IWPCA because OSF agreed to pay Hanson and the Putative Class Members an hourly rate of pay for all time they worked, and OSF failed to pay Hanson and the Putative Class Members all their earned wages.

42.     Despite accepting the benefits, OSF did not pay Hanson and the Putative Class Members for the compensable work they performed during their "meal breaks."

43.     Thus, under OSF's uniform automatic meal break deduction policy, Hanson and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the IMWL.

44.     Likewise, under OSF's uniform automatic meal break deduction policy, Hanson and the Putative Class Members are denied "straight time" pay for those on-duty "meal breaks" in workweeks in which they worked fewer than 40 hours in violation of the IWPCA.

45.     OSF also subjects Hanson and the Putative Class Members to its uniform policy of automatically rounding these employees' recorded time punches to the nearest 15-minute increment.

46.     OSF's uniform rounding policy violates the IMWL by depriving Hanson and the Putative Class Members of overtime pay for all overtime hours worked because OSF fails to include all work time in these employees' total hours worked.

47.     Likewise, OSF's uniform rounding policy violates the IWPCA by depriving Hanson and the Putative Class Members of "straight time" pay for all hours worked up to 40 hours in a workweek because OSF fails to include all work time in these employees' total hours worked.

48.     OSF knows Hanson and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because OSF expects and requires these employees to do so.

49.     But OSF does not pay Hanson and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the IMWL and IWPCA.

50.     Hanson worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

51.     Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

52.     Indeed, OSF typically schedules Hanson and the Putative Class Members to work 12-hour shifts for up to 6 days a workweek.

53.     And Hanson and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" in order to complete their job duties and patient care responsibilities.

54.     As a result, Hanson and the Putative Class Members routinely work in excess of 40 hours in a typical workweek.

55.     When Hanson and the Putative Class Members worked more than 40 hours in a workweek, OSF did not pay them 1.5 times their regular hourly rate for all overtime hours worked because OSF failed to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

56.     Likewise, when Hanson and the Putative Class Members worked fewer than 40 hours in a workweek, OSF did not pay them "straight time" pay at their regular hourly rates for all hours worked because OSF failed to include time these employees worked during their meal breaks in their total number of hours worked in a given workweek.

57.     OSF knew, or should have known, it was subject to the IMWL, including its overtime provisions.

58.     OSF knew, or should have known, the IMWL requires it to pay employees, including Hanson and the Putative Class Members, overtime at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

59.     OSF knew, or should have known, Hanson and the Putative Class Members worked more than 40 hours in a workweek.

60.     OSF knew, or should have known, it was subject to the IWPCA, including its overtime provisions.

61.     OSF knew, or should have known, Hanson and the Putative Class Members regularly worked during their unpaid meal breaks because OSF expected and required them to do so.

62.     OSF knowingly, willfully, and/or in reckless disregard carried out this illegal automatic deduction policy that deprived Hanson and the Putative Class Members of pay, including overtime compensation, in violation of the IMWL and IWPCA.

63.     Nonetheless, OSF failed to pay Hanson and the Putative Class Members overtime compensation for all hours these employees worked, including those worked in excess of 40 hours in a workweek.

64.     OSF failed to pay Hanson and the Putative Class Members all their wages earned at the rates OSF agreed to pay them for the work they performed for OSF.

### CLASS ALLEGATIONS

65.     Hanson brings her IMWL and IWPCA claims as a Rule 23 class action.

66.     Other Putative Class Members worked with Hanson and indicated they were paid in the same manner, performed similar work, and were subject to OSF's same automatic meal break deduction policy.

67.     Based on her experiences with OSF, Hanson is aware OSF's illegal practices were imposed on the Putative Class Members.

68.     The Putative Class Members are similarly situated in all relevant respects.

69.     Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime compensation.

70.     Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent class treatment.

71.     Rather, the Putative Class is held together by OSF's uniform automatic meal break deduction policy that systematically deprived Hanson and the Putative Class Members of wages, including overtime pay, for all hours worked, including those hours worked in excess of 40 hours in a workweek.

72.     The Putative Class Members are similarly denied "straight time" pay when they worked fewer than 40 hours in a workweek.

73.     The Putative Class Members are similarly denied overtime compensation when they work more than 40 hours in a workweek.

74.     The back wages owed to Hanson and the Putative Class Members will be calculated using the same records and using the same formula.

75.     Hanson's experiences are therefore typical of the experiences of the Putative Class Members.

76.     Hanson has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class treatment.

77.     Like each Putative Class Member, Hanson has an interest in obtaining the unpaid wages owed under state law.

78.     A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

79.     Absent a class action, many Putative Class Members will not obtain redress of their injuries and OSF will reap the unjust benefits of violating the IMWL and IWPCA.

80.     Further, even if some of the Putative Class Members could afford individual litigation against OSF, it would be unduly burdensome to the judicial system.

81.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

82.     The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

83.     Among the common questions of law and fact are:

   a.      Whether OSF engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the IMWL and IWPCA;

   b.      Whether OSF's automatic meal break deduction policy deprived Hanson and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the IMWL and IWPCA;

   c.      Whether OSF failed to pay Hanson and the Putative Class Members overtime compensation for all hours worked in excess of 40 hours in a workweek,

including hours worked during missed and interrupted meal breaks in violation of the IMWL;

d.   Whether OSF knew, or had reason to know, Hanson and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid meal breaks in violation of the IMWL and IWPCA;

e.   Whether OSF's violations of the IMWL and IWPCA resulted from a continuing course of conduct; and

84.   Hanson and the Putative Class Members sustained damages arising out of OSF's illegal and uniform employment policy.

85.   Hanson knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

86.   Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to OSF's records, and there is no detraction from the common nucleus of liability facts.

87.   Therefore, the issue of damages does not preclude class treatment.

88.   OSF is liable under the IWPCA for failing to pay "straight time" pay to Hanson and the Putative Class Members for all hours worked under 40 hours in a workweek.

89.   OSF is liable under the IMWL for failing to pay overtime compensation to Hanson and the Putative Class Members when they work more than 40 hours in a workweek.

90.   Consistent with OSF's illegal automatic meal break deduction policy, Hanson and the Putative Class Members were not paid "straight time" pay (at their regular hourly rates) for all hours worked when they fewer than 40 hours in a workweek.

91.     Consistent with OSF's illegal automatic meal break deduction policy, Hanson and the Putative Class Members were not paid overtime compensation for all overtime hours worked when they worked more than 40 hours in a workweek.

92.     As part of its regular business practices, OSF intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the IMWL and IWPCA with respect to Hanson and the Putative Class Members.

93.     OSF's illegal automatic meal break deduction policy deprived Hanson and the Putative Class Members of the premium overtime wages they are owed under state law.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE IMWL

94.     Hanson realleges and incorporates all other paragraphs by reference.

95.     Hanson brings her claim under the IMWL as a Rule 23 class action.

96.     The conduct alleged violates the IMWL (820 ILCS 105/1, *et seq.*).

97.     OSF violated, and is violating, the IMWL by failing to pay Hanson and the Putative Class Members overtime compensation for all hours worked in excess of 40 in a workweek.

98.     At all relevant times, OSF was subject to the requirements of the IMWL.

99.     At all relevant times, OSF employed Hanson and the Putative Class Members as "employees" within the meaning of the IMWL.

100.    The IMWL requires employers, like OSF, to pay employees at a rate not less than 1.5 times their regular rate of pay for all hours worked in excess of 40 hours in any one workweek.

101.    Hanson and the Putative Class Members are entitled to overtime pay under the IMWL.

102.    OSF's automatic meal break deduction policy violates the IMWL because it deprives Hanson and the Putative Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek. *See* 820 ILCS 105/4a.

103.    Accordingly, Hanson and the Putative Class Members are entitled to recover their unpaid overtime compensation owed from the 3 years prior to the filing on this Complaint, treble damages, as well as monthly statutory damages on these amounts at the highest applicable rates, plus attorney's fees, costs, and expenses. *See* 820 ILCS 105/12(a).

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE IWPCA

104.    Hanson realleges and incorporates all other paragraphs by reference.

105.    Hanson brings her claim under the IWPCA as a Rule 23 class action.

106.    The conduct alleged violates the IWPCA (820 ILCS 115/1, *et seq.*).

107.    OSF violated, and is violating, the IWPCA by failing to pay Hanson and the Putative Class Members all wages earned for all hours worked at the hourly rates OSF agreed to pay them for the work they performed.

108.    At all relevant times, OSF was subject to the requirements of the IWPCA.

109.    At all relevant times, OSF employed Hanson and the Putative Class Members as "employees" within the meaning of the IWPCA.

110.    The IWPCA requires employers, like OSF, to pay employees for all time they worked at the rate agreed to by the parties.

111.    During the course of their employment, OSF agreed to pay Hanson and each Putative Class Member an hourly rate for all hours they worked under and up to 40 hours in a workweek.

112.    Hanson and each Putative Class Member accepted OSF's offer.

113.    But during the course of their employment, OSF failed to pay Hanson and the Putative Class Members for all time they worked at the rates OSF agreed to pay them for the work they performed for OSF because OSF automatically deducted 30 minutes/shift from these employees' recorded hours worked.

114.   OSF's automatic meal break deduction policy violates the IWPCA because it deprives Hanson and the Putative Class Members of pay for all hours worked at the rates OSF agreed to pay them.

115.   Accordingly, Hanson and the Putative Class Members are entitled to recover their unpaid "straight time" compensation owed from the 10 years prior to the filing on this Complaint, treble damages, as well as monthly statutory damages on these amounts at the highest applicable rates, plus attorney's fees, costs, and expenses. *See* 820 ILCS 115/14(a).

JURY DEMAND

116.   Hanson demands a trial by jury.

RELIEF SOUGHT

WHEREFORE, Hanson, individually and on behalf of the Putative Class Members, seeks the following relief:

a.   An Order designating the Putative Class as a class action pursuant to FED. R. CIV. P. 23;

b.   An Order appointing Hanson and her counsel to represent the interests of the Putative Class;

c.   An Order finding OSF liable to Hanson and the Putative Class for unpaid overtime compensation owed under the IMWL, treble damages, as well as monthly statutory damages at the rate of 5% per month in the amount of the underpayment;

d.   An Order finding OSF liable to Hanson and the Putative Class for unpaid "straight time" wages owed under the IWPCA, treble damages, as well as monthly statutory damages at the rate of 5% per month in the amount of the underpayment;

e.  Judgment awarding Hanson and the Putative Class Members all unpaid compensation and other damages available under the IMWL and IWPCA;

f.  An Injunction precluding OSF from violating the IWPCA;

g.  An Order awarding attorneys' fees, costs, and expenses;

h.  Pre- and post-judgment interest at the highest applicable rates; and

i.  Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Maureen A. Salas*

Douglas M. Werman
Maureen A. Salas
WERMAN SALAS P.C.
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
312-419-1008 – Telephone
dwerman@flsalaw.com
msalas@flsalaw.com

Michael A. Josephson*
TX Bar No. 24014780
Andrew W. Dunlap*
TX Bar No. 24078444
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjoesphson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

William C. (Clif) Alexander*
TX Bar No. 24064805
Austin W. Anderson*
TX Bar No. 24045189
ANDERSON ALEXANDER PLLC
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
361-452-1279 – Telephone
361-452-1284 – Facsimile
clif@a2xlaw.com
austin@a2xlaw.com
*Pro hac vice applications forthcoming

ATTORNEYS FOR PLAINTIFF &
THE PUTATIVE CLASS MEMBERS

- 15 -